UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SALAH SHAKIR,

    Plaintiff,

v.

REND LAKE COLLEGE, BILL SIMPSON,
RANDALL CROCKER and BRYAN DREW,

    Defendants.

Case No. 08-cv-768-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Salah Shakir's ("Shakir") motion for recusal and extension of time to respond to the pending motion to dismiss (Doc. 13). The defendants have responded that they do not object to the request for an extension of time but that they take no position on the motion for recusal (Doc. 14).

Shakir asks the Court to recuse itself pursuant to 28 U.S.C. § 455(a) because John Huffman ("Huffman"), a personal friend and former law partner of the Court, will be a witness in this case. Section 455(a), states, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "Section

455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The risk of perceived partiality must be "substantially out of the ordinary" before recusal is justified. *Hook*, 89 F.3d at 354 (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Each occasion to consider recusal must be evaluated on its own facts and circumstances. *Nichols*, 71 F.3d at 351. Doubts about whether recusal is required, however, should be resolved in favor of recusal. *Hart*, 796 F.2d at 980; *Nichols*, 71 F.3d at 352.

In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Liteky*, 510 U.S. at 554; *O'Regan*, 246 F.3d at 988; *In re Huntington Commons Assocs.*, 21 F.3d 157, 158-59 (7th Cir. 1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Justice Scalia has noted that "friendship is a ground for recusal of a [judge] where the personal fortune or the personal freedom of the friend is at issue," although not when official action is at issue. *Cheney v. United States Dist. Court*, 541 U.S. 913, 916 (2004) (*mem.*) (Scalia, J.).

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980-81 (7th Cir. 1986); *Nichols*, 71 F.3d at 351. "The statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (internal quotations omitted). The Court is also mindful that the statute is not a judge-shopping device. *Nichols*, 71 F.3d at 351; *Hook*, 89 F.3d at 354.

It is true that Huffman and the Court have been personal friends for decades and were

2

partners of the same law firm over twenty years ago. However, Huffman has no personal stake in this action, and his personal freedom is not at issue. In addition, this case will be tried to a jury, and the Court will not be called upon to judge the credibility of Huffman or the propriety of his actions in connection to the alleged discrimination. In light of the limited nature of the decisions the Court will be asked to make regarding Huffman and the lack of monetary or liberty interest Huffman has in the litigation, the Court believes it is unlikely that a reasonable, well-informed, thoughtful, objective observer could perceive a significant risk that the Court would not act impartially in presiding over the jury trial of this matter or the proceedings leading up to it. The Court therefore **DENIES** the part of the pending motion requesting recusal (Doc. 13).

The Court further **GRANTS** the part of the pending motion requesting an extension of time to respond to the defendants' motion to dismiss (Doc. 13) and **ORDERS** that the plaintiff shall have up to and including January 16, 2009, to respond to the defendants' motion to dismiss.

**IT IS SO ORDERED.**
**DATED: January 13, 2009**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**