UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SALAH SHAKIR,

    Plaintiff,

v.

BOARD OF TRUSTEES OF REND LAKE
COLLEGE, BILL SIMPSON, RANDALL
CROCKER, BRYAN DREW and JOHN
HUFFMAN,

    Defendants.

Case No. 08-cv-768-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Salah Shakir's ("Shakir") motion (Doc. 21) for reconsideration of the Court's order (Doc. 17) declining to recuse itself from this case. Shakir's original motion sought recusal because John Huffman ("Huffman"), a friend of the Court's, will be a witness in this case. The Court refused, finding that since Huffman had no monetary or liberty interest in this action and since the decisions the Court will make regarding Huffman were limited in nature, it was unlikely that a reasonable, well-informed, thoughtful, objective observer could perceive a significant risk that the Court would not act impartially in presiding over the jury trial of this matter or the proceedings leading up to it.

Now, in an effort that any reasonable, well-informed, thoughtful, objective observer would perceive as judge-shopping, Shakir asks the Court to reconsider that ruling in light of his amended complaint (Doc. 37) adding Huffman as a defendant. Huffman was not a defendant in the original complaint, although he could have been had Shakir really thought he was liable for any wrongdoing. Instead, Shakir added Huffman on a questionable theory of liability only after his first attempt at judge-shopping failed and after the Court properly declined to recuse itself.

Such a blatant attempt to manipulate the judicial system is deplorable.  In its more than twenty years on the bench, the Court has always recused itself *sua sponte* from cases in which its impartiality might reasonably be questioned and has never heard a colorable accusation that it has treated any party unfairly.  It takes umbrage at Shakir's efforts to remove it from this case.  Nevertheless, Magistrate Judge Wilkerson having allowed Huffman to be added as a defendant, the issue of recusal issue again squarely before the Court.

The Court reiterates that Huffman and the Court have been personal friends for decades and were partners of the same law firm more than twenty years ago.  Alone, these facts would not be enough to cause the Court to recuse itself where Huffman is a witness.  However, now that Shakir has injected Huffman's personal well-being into the litigation, the situation appears different to the objective observer.  Although the connections between Huffman and the Court would not actually impair the Court's ability to be impartial in hearing this case, the Court understands how a reasonable, well-informed, thoughtful, objective observer could perceive a significant risk that the Court would not fairly hear this case, even in light of the limited decisions the Court will be called upon to make.  The Court therefore **GRANTS** the motion for reconsideration (Doc. 21) and **DIRECTS** the Clerk of Court to reassign this case randomly to another judge.

**IT IS SO ORDERED.**
**DATED:  March 20, 2009**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**